# EXHIBIT 1

**CT Corporation**

**Service of Process Transmittal**
04/04/2018
CT Log Number 533092981

TO: Jeff Vandeveer
SHIFTGIG, INC.
1 North State Street, Floor 3
Chicago, IL 60602

RE: **Process Served in Florida**

FOR: SHIFTGIG, INC. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | JASMINE BARRETO, Pltf. vs. SHIFTGIG, INC., etc., Dft. |
| DOCUMENT(S) SERVED: | Summons, COmplaint |
| COURT/AGENCY: | Miami-Dade County Circuit Court, FL<br>Case # 2018008044CA |
| NATURE OF ACTION: | Employee Litigation - Wrongful Termination |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Plantation, FL |
| DATE AND HOUR OF SERVICE: | By Process Server on 04/04/2018 at 13:45 |
| JURISDICTION SERVED: | Florida |
| APPEARANCE OR ANSWER DUE: | Within 20 days after service, exclusive of the day of service (Document(s) may contain additional answer dates) |
| ATTORNEY(S) / SENDER(S): | PETER M. HOOGERWOERD<br>REMER & GEORGES-PIERRE, PLLC.<br>44 WEST FLAGLER STREET, STE. 2200<br>MIAMI, FL 33130<br>305-416-5000 |
| ACTION ITEMS: | SOP Papers with Transmittal, via UPS Next Day Air, 1ZX212780109982382<br><br>Email Notification, Jeff Vandeveer jeff.vandeveer@shiftgig.com |
| SIGNED:<br>ADDRESS:<br><br>TELEPHONE: | C T Corporation System<br>1200 South Pine Island Road<br>Plantation, FL 33324<br>954-473-5503 |

Page 1 of 1 / AP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.2018-008044CA

JASMINE BARRETO,

 Plaintiff,

v.

SHIFTGIG, INC.
a Foreign Profit Corporation,

 Defendant.

_____/

DATE 4/4/18   TIME 1450
AK 260

## SUMMONS IN A CIVIL CASE

TO: SHIFTGIG, INC. through its Registered Agent:

CT CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

PETER M. HOOGERWOERD, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET. STE. 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Harvey Ruvin,
Clerk of Courts   3/30/2018

CLERK    DATE

Conelle Brown 164659
(BY) DEPUTY CLERK



IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO._____

JASMINE BARRETO,

    Plaintiff,
v.

SHIFTGIG, INC.
a Foreign Profit Corporation,

    Defendant.
_____/

## COMPLAINT

COMES NOW, the Plaintiff, JASMINE BARRETO (hereinafter "PLAINTIFF"), by and through the undersigned counsel, hereby sues Defendant, SHIFTGIG, INC., a Foreign Profit Corporation (Hereinafter "DEFENDANT"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees or costs for damages due to sex discrimination in violation of Chapter 11A of the Miami-Dade County Code; the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, et seq. ("FCRA"); Title VII of the Civils Rights Act of 1964, 42 U.S.C. §2000e-2 ("Title VII") to redress injury done to Plaintiff by the Defendant for discriminatory treatment.

2. Declaratory, injunctive, legal and equitable reliefs are sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

3. Plaintiff was and continues to be, a resident of Miami-Dade County, Florida.

4. Plaintiff is a transgender individual and is a member of a class protected under the Florida Civil Rights Act (FCRA), Title VII and of Chapter 11A of the Miami-Dade County Code because the terms, conditions, and privileges of her employment were altered because of her sex.

5. Defendant has, at all times material hereto, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with the FCRA (Fla. Stat. § 760.02(7)) and Title VII.

6. Defendant was a "person" and/or an "employer" pursuant to in violation of Chapter 11A of the Miami-Dade County Code.

7. Defendant was a "person" and/or an "employer" pursuant to in violation of the Florida Civil Rights Act of 1992 and Title VII.

8. Venue is proper in Miami Dade County because all of the actions that form the basis of this Complaint occurred within Miami Dade County.

9. On May 19, 2017, Plaintiff filed a charge of employment discrimination with the Miami-Dade County Commission on Human Rights ("MDCCHR"), the Florida Commission of Human Relations ("FCHR"), and the U.S. Equal Employment Opportunity Commission ("EEOC").

10. On January 16, 2018, the EEOC issued a Right to Sue.

11. All conditions precedent for the filing of this action before this Court has been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

12. Plaintiff, a transgender individual was employed by Defendant from on or about January 2016, through on or about April 2017, as a food preparer.

13. Throughout her employment with Defendant, Plaintiff performed her duties in an exemplary fashion.

14. On or about March 2017, Plaintiff was working an event with a co-worker, Martha Morales ("Ms. Morales"), where she opened up to Ms. Morales about her transition.

15. Prior to opening up to Ms. Morales, Plaintiff had never shared her transition to anyone in the company.

16. On or about April 2017, Plaintiff received an e-mail from Human Resources, Maddie Rounds, who informed Plaintiff that her account was suspended and Plaintiff's shifts had been canceled as there was a complaint made against Plaintiff by another employee.

17. Plaintiff inquired about the allegations made and was told that she would be contacted to get her side of the story and an investigation of the accusations would be held.

18. However, after several attempts, Plaintiff was never given the opportunity to speak to Human Resources and her Supervisors in regards to the allegations made against her.

19. At all material and/or relevant times, Plaintiff was qualified for her position and performed her duties in a satisfactory and/or above satisfactory manner.

20. Defendant's reason for terminating Plaintiff's employment, if any, is purely pretextual without merit and discriminatory.

## COUNT I
### SEX DISCRIMINATION UNDER CHAPTER 11A
### OF THE MIAMI-DADE COUNTY CODE
### SHIFTGIG, INC

21. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 20 of this complaint as if set out in full herein.

22. Sec. 11A-26. of the Miami-Dade County Code states in relevant part:

> "Sec. 11A-26. - Unlawful employment practices. (1) It shall be unlawful for any employer to engage in any practices described below on account of the sex, color, religion, ancestry, sex, pregnancy, national origin, age, disability, marital status, familial status or sexual orientation of any individual or any person associated with such individual..."

23. The conduct to which Plaintiff was subjected by Defendant was the direct and proximate result of Plaintiff's sex.

24. Defendant's alleged bases for its adverse conduct against Plaintiff and Plaintiff's termination are pretextual and asserted only to cover up the discriminatory nature of its conduct.

25. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff and Plaintiff's termination, which reasons it does not have, Plaintiff's disability was also a motivating factor for Defendant's adverse conduct toward Plaintiff and Plaintiff's termination.

26. As a result of the discriminatory conduct and discriminatory termination to which Plaintiff was subjected, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic

damages in the form of back pay and front pay, lost benefits, and compensatory damages.

27. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious conduct.

28. Plaintiff further seeks her attorney's fees and costs as permitted by law.

**WHEREFORE**, Plaintiff prays for the entry of a judgment against Defendant and an award of economic damages in the form of back pay and front pay, lost wages, lost benefits, as well as compensatory damages, and attorney's fees and costs as a result of Defendant's conduct in violation of the Section 11A-26 of the Miami-Dade County Code.

## COUNT II
### SEX DISCRIMINATION UNDER THE FCRA
### SHIFTGIG, INC.

29. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 20 of this complaint as if set out in full herein.

30. The conduct to which Plaintiff was subjected by Defendant was the direct and proximate result of Plaintiff's sex.

31. Defendant's alleged bases for its adverse conduct against Plaintiff and Plaintiff's termination are pretextual and asserted only to cover up the discriminatory nature of its conduct.

32. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff and Plaintiff's termination, which reasons it does not have, Plaintiff's disability was also a motivating factor for Defendant's adverse conduct toward Plaintiff and Plaintiff's termination.

33. As a result of the discriminatory conduct and discriminatory termination to which Plaintiff was subjected, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages in the form of back pay and front pay, lost benefits, and compensatory damages.

34. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious conduct.

35. Plaintiff further seeks her attorney's fees and costs as permitted by law.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

   b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

   c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

   d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

   e. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

   f. Grant Plaintiff such additional relief as the Court deems just and proper under the

circumstances.

## COUNT III
### SEX DISCRIMINATION UNDER TITLE VII
### SHIFTGIG, INC.

36. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 20 of this complaint as if set out in full herein.

37. The conduct to which Plaintiff was subjected by Defendant was the direct and proximate result of Plaintiff's sex.

38. Defendant's alleged bases for its adverse conduct against Plaintiff and Plaintiff's termination are pretextual and asserted only to cover up the discriminatory nature of its conduct.

39. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff and Plaintiff's termination, which reasons it does not have, Plaintiff's disability was also a motivating factor for Defendant's adverse conduct toward Plaintiff and Plaintiff's termination.

40. As a result of the discriminatory conduct and discriminatory termination to which Plaintiff was subjected, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages in the form of back pay and front pay, lost benefits, and compensatory damages.

41. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious conduct.

42. Plaintiff further seeks her attorney's fees and costs as permitted by law.

**WHEREFORE**, Plaintiff prays for the entry of a judgment against Defendant and an award of economic damages in the form of back pay and front pay, lost wages, lost benefits, as well as compensatory damages, and attorney's fees and costs as a result of Defendant's conduct in violation of Title VII.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: March 14, 2018.

Respectfully submitted,
/s/ Nathaly Lewis
Peter M. Hoogerwoerd, Esq.
Fla. Bar Number: 188239
pmh@rgpattorneys.com
Nathaly Lewis, Esq.
Fla. Bar Number: 118315
nl@rgpattorneys.com
Michelle Muskus, Esq.
Fla. Bar Number: 1003077
mm@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005